# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1876.

ROCK VALLEY PAPER COMPANY

*v.*

MORRIS H. NIXON *et al.*

1. SERVICE OF PROCESS—*on corporation.* The return of a sheriff on a summons against an incorporated company, that he has "served the within writ on the within named company, by reading and delivering a copy thereof to A B, president of said company," shows sufficient service on the company.

2. PLEADING AND EVIDENCE—*variance.* Where a note is described in the declaration as executed by the defendant, and the note read in evidence is executed by the defendant and another, there is no variance. It is still the note of the defendant.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. ADOLPH MOSES, for the appellant.

Messrs. ABBOTT & OLIVER, for the appellees.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was a judgment, rendered against the Rock Valley Paper Company, by default.

It is objected that the return of the officer is insufficient, as showing service. The provision of the statute is, that " an incorporated company may be served with process by leaving a copy thereof with its president," etc. Rev. Stat. 1874, p. 775, § 5. The return here is: " Served this writ on the within named, the Rock Valley Paper Company, by reading and delivering a copy thereof to Albert Felsenthal, president of said company, this 5th day of November, A. D. 1875."

It is insisted, the return should have been as follows: " Served this writ on the within named Rock Valley Paper Company, by leaving a copy thereof with its president, Albert Felsenthal." We perceive no substantial difference between the two forms. The objection is without force.

The evidence upon the assessment of damages by the court, without a jury, defendant preserved by a bill of exceptions. The declaration counted upon a promissory note, as made by the Rock Valley Paper Company. The note introduced in evidence upon the assessment of damages was signed by the Rock Valley Paper Company and Albert Felsenthal.

It is insisted, this was a variance. The authorities are otherwise. It was still the note of the defendant, although executed by another with it. 3 Stark. Ev. 1593; *Mountstephen* v. *Brooke*, 1 Barn. & Ald. 224; *Cocks et al.* v. *Brewer*, 11 Mees. & Welsby, 51.

It is further claimed that there was error in admitting in evidence the affidavit of J. M. Oliver, filed with the declaration, stating there was due to plaintiffs $556.22; that the statute does not provide that the affidavit filed may be received upon the assessment of damages on a default, where the demand is upon a note, but only when it is *upon an account.* R. S. 1874, p. 779, § 38. The affidavit was unnecessary, and without any importance as evidence. The production of the

note alone, there being no opposing evidence whatever, warranted the judgment.

Perceiving no error, the judgment is affirmed.

*Judgment affirmed.*